Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4988 | **DATE** | 11/18/2010 |
| **CASE TITLE** | Jedrzejewski vs. Jedrzejewski | | |

**DOCKET ENTRY TEXT**

As explained below, in view of Petitioner's failure to cooperate with prior counsel or to comply with this Court's October 6 minute order, Petitioner is warned that this case will be dismissed for failure to prosecute unless Petitioner shows cause in writing on or before December 17, 2010, why such a dismissal is not appropriate. If Petitioner does not respond to the rule to show cause by that date, this case will be dismissed for want of prosecution.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

On November 10, 2010, this Court held a status hearing in this matter. Counsel for Respondent appeared, but Petitioner failed to appear, either *pro se* or through replacement counsel, as directed by the Court's October 6, 2010, minute order [28], which was served on Petitioner and Petitioner's Polish counsel [see 30] by Petitioner's former counsel. In view of the lack of cooperation by Petitioner with prior counsel [see 29, at 3-5] and the failure of Petitioner either to retain substitute counsel or to make any effort to appear, even telephonically, at the status hearing, this case has languished for a lengthy period of time. Moreover, as previously noted, there is a parallel proceeding in Poland, involving both parties to this action in which both parties are represented by counsel, that the parties and this Court believe should take precedence over this action. [See 29, at 3]. On the basis of the foregoing, it is unclear to this Court whether Petitioner even wishes to proceed with this action at all.

When parties to litigation disregard deadlines and fail to properly litigate a case in a timely fashion, the resulting delay in the prosecution and disposition of cases imposes significant costs and hardships on their litigation adversaries and on the judicial system. When the delays and disregard are sufficiently severe, the Seventh Circuit has held that a dismissal for want of prosecution or entry of default judgment "may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). However, the Seventh Circuit also has stressed certain procedural steps that district courts should employ when considering whether to terminate a case in such fashion. In *Harrington v. City of Chicago*, 433 F.3d. 542, 549-50 (7th Cir. 2006), for example, the Court explained that (1) district courts should not dismiss a case on failure to prosecute grounds without due warning to plaintiff's counsel, (2) district courts need not repeat their dismissal warnings, and (3) the district court "was on solid ground" in dismissing a case when counsel failed to appear at court date following issuance of dismissal warning.

Because the Court's prior orders did not explicitly warn Petitioner that his case might be dismissed if he failed

| STATEMENT |
|---|

to retain substitute counsel or appear *pro se* to indicate whether (and, if so, how) he intends to proceed with this case, the Court will not dismiss the case at this time. See *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) (noting that "there should be an explicit warning in every case" prior to dismissing a case for failure to prosecute). However, this minute order serves as that "explicit warning" and Petitioner is given until December 17, 2010, to show cause in writing why this case should not be dismissed for want of prosecution. If Petitioner does not respond by that date, this case will be dismissed for want of prosecution. See *FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, 614 F.3d 335, 338 (7th Cir. 2010) ("Eventually a plaintiff's failure to cooperate in the prosecution of [his] own lawsuit leads to dismissal").

The Clerk of the Court is directed to send a copy of this order via certified mail (or its closest international equivalent) to Petitioner at his last known address:

Ryszard Jedrzejewski
UL Mickiewicza 28
38-300 Gorlice, Poland

The Clerk of the Court is further directed to send a copy of this order via certified mail (or its closest international equivalent) and to Petitioner's Polish counsel:

Zbiniew Tekeila
33-300 NOWY SACZ,
UL. LWOWSKA 4 Poland

The Clerk of the Court also is directed to send a copy of this order to:

Stephanie Cassano
United States Department of State
CA/OCS/CI
2100 Pennsylvania Avenue, NW
Washington, DC 20237